## Hiram Bivens v. The State.

No. 4715.   Decided November 28, 1917.

1.—Manslaughter—Charge of Court—Self-defense—Defendant's Standpoint.

Where, upon trial of murder and a conviction of manslaughter, the court's charge on self-defense sufficiently informed the jury that they must view the danger only from the defendant's standpoint, giving defendant the benefit of the reasonable doubt, etc., there was no reversible error.

**2.—Same—Manslaughter—Charge of Court.**

Where, upon trial of murder and a conviction of manslaughter, the objections to the court's charge on manslaughter were not of sufficient merit to justify reversal of the case, there is no reversible error.

**3.—Same—Argument of Counsel—Requested Charge.**

In the absence of a requested charge, objections to the argument of State's counsel, while the language of the State's counsel was probably improper, yet as shown by the bill of exceptions, there is not sufficient cause for reversal. Following House v. State, 19 Texas Crim. Rep., 227.

Appeal from the District Court of Harrison. Tried below before the Hon. P. O. Beard.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. W. Davidson* and *W. T. Caven,* for appellant.—On question of court's charge and on the testimony: Jordan v. State, 11 Texas Crim. App., 446: Jones v. State, 17 id., 602; Brumley v. State, 21 id., 222; Gilley v. State, 15 id., 301; Hunnicutt v. State, 20 id., 645; Stacey v. State, 86 S. W. Rep., 227.

On question of self-defense: Voight v. State, 13 Texas Crim. App., 21; Sharp v. State, 197 S. W. Rep., 207.

On question of argument of counsel: Thompson v. State, 38 Texas Crim. Rep., 341; Brittain v. State, 37 S. W. Rep., 758; Smith v. State, 117 S. W. Rep., 967; Lagow v. State, 197 S. W. Rep., 217.

*E. B. Hendricks,* Assistant Attorney General, for the State

DAVIDSON, Presiding Judge.—Appellant was convicted of manslaughter, the jury assessing his punishment at three years confinement in the penitentiary.

Appellant complains of error in the court's charge with reference to self-defense, and his refusal to give special requested instructions with reference to the same matter; and also complains of the remarks of the prosecuting attorney. Following appellant's brief, we find that his first, second and third propositions are presented together and stated in a general form. The special charges which were refused perhaps more aptly present the law of self-defense than did the instructions given by the court. The requested instructions were to the effect that the jury should be more affirmatively instructed that they should look at the facts and circumstances of the homicide from the standpoint of the defendant in considering his defensive matters, and these charges were predicated upon the theory that the court's charge did not aptly and correctly present these issues of self-defense. This involved mainly the appearance of danger viewed from the defendant's standpoint. We are of opinion, however, that the charge given by the court sufficiently presented this matter.

The thirteenth and fourteenth paragraphs of the charge are both criticised, and in order to present the matter clearly we deem it necessary to quote the charges given to which exceptions are reserved.

The thirteenth is as follows: "In order to justify a homicide the attack must be such as produces reasonable expectation of fear of death or some serious bodily injury. It is not necessary in the right of self-defense that the danger should in fact exist, but if it reasonably appears from the circumstances of the case that the danger exists such person threatened with such apparent danger has the same right to defend against it and to the same extent that he would have if the danger were real, and to determine whether or not there was reason to believe that danger did exist, the appearances must be viewed from the standpoint of the person who acted upon them, and from no other standpoint."

The fourteenth reads: "Now bearing in mind the foregoing instructions, if you believe beyond a reasonable doubt the defendant killed Albert Ector, but you further believe from the evidence that at the time of so doing the said Albert Ector was making or in the act of making an attack upon the defendant with a knife, which from the manner and character of its use, caused him to have a reasonable expectation of fear of death or serious bodily injury at the hands of Albert Ector, viewing it from the defendant's standpoint alone and that acting under such reasonable expectation of fear of death or serious bodily injury, the defendant killed the said Albert Ector, then you should acquit him, and if Albert Ector was armed with a knife at the time he was killed, and was making an attack upon the defendant, and at the time considering the manner of its use was reasonably calculated to produce death or serious bodily injury, then the law presumes that Albert Ector intended to murder or intended to inflict serious bodily injury upon the defendant."

These are the charges at which the criticisms are aimed. Also in this connection subdivision fifteen of the charge may be quoted: "Again, if you believe from the evidence that the defendant believed his life was in danger or that serious bodily injury would be inflicted upon him, such fear being caused by the hostile act on the part of the deceased, if any, and that at the time he fired the fatal shot it reasonably appeared to him from all the circumstances, viewed from the standpoint of the defendant alone, that Albert Ector was about to inflict death upon him or serious bodly injury upon him by cutting him with a knife, then if you so believe, you will acquit him." The court also gave in subdivision sixteen a charge to the effect that if they entertained a reasonable doubt as to whether defendant was acting in self-defense at the time he killed Albert Ector they must give him the benefit of the reasonable doubt and acquit him.

It occurs to us the jury could not have been misled with reference to the matters urged by appellant. In three subdivisions of the court's charge the particular matter was rather stressed and the jury was informed in all of them that the self-defense theory must be viewed from

Bivens v. The State.

the facts and circumstances as believed by the defendant, and from no other standpoint. These charges taken together, we think, guarded appellant's self-defense propositions; at least, if they did not, the errors are of such small moment as not to require a reversal from that viewpoint. These charges sufficiently informed the jury they could view the danger only from defendant's standpoint. The charge as a whole must be looked to in passing upon such matters.

There is some criticism in the record also with reference to the charge on manslaughter, but inasmuch as appellant has not urged this in his brief we have not thought it necessary to discuss that phase of the case. However, we are of opinion there is not sufficient merit in this question to be of any serious moment.

With reference to the argument of the prosecuting attorney we would say that under the circumstances it ought not to cause a reversal. The bill with reference to this matter recites that there was evidence introduced showing bad character of deceased, Ector, and that he had broken into the house of appellant's mother and had taken away whisky and money; that in his argument for defendant T. W. Davidson, one of appellant's attorneys, spoke of the deceased as a bad man and as a robber, and that appellant did no more under the circumstances than any other good man would have done, and that he should be congratulated on ridding society of such a member rather than prosecuted. The county attorney, in closing the argument for the State, replying to the argument of defendant's counsel, used substantially the following language: "Gentlemen of the jury, you have been told that the deceased was a bad man and the defendant should be congratulated for having killed him. When you bring in your verdict I want to be able to congratulate you and I want Judge Davidson to be able to congratulate you also, for I believe that your verdict will be guilty, and by this means we will get rid of two" (at the time holding up two fingers to the jury). When this argument was made Mr. Davidson objected to the statement and argument of the county attorney, and the court reprimanded the county attorney for making such argument, believing at the time that he was arguing to the jury in an indirect and improper way that the defendant was a bad man, when the defendant had not put his character in issue. The court also instructed the jury not to consider the argument for any purpose; that the argument was wrong and improper, and that the county attorney should not make it. Appellant's counsel did not ask a special charge of any character, but excepted to the remarks upon the ground that they were improper and prejudicial, and because they had not put defendant's character in issue. We are of opinion under the circumstances, while the language was improper and the county attorney should not have indulged same, yet as shown by the bill we think it is hardly of sufficient importance to require a reversal. It is only by inference, if at all, that the argument referred to the defendant as being a bad man, and it is also true that defendant did not

place his character or reputation in issue before the jury, but the facts were before the jury, and State's counsel would be permitted to argue such conclusion he may see proper from the facts introduced. The facts might justify counsel in drawing the conclusion that appellant was not justified in killing deceased. With reference to this matter, it may be stated that the evidence shows deceased was one of two negroes who entered the home of appellant's mother on the morning of and shortly prior to the homicide, and had taken ten dollars in money and several pints of whisky which had been sent her by her daughter from a distant town. Three bottles of this whisky were taken from one of these parties, who also at the time informed appellant that deceased had the other stolen property. Appellant did not reside with his mother, but resided at another place. Appellant when informed of these matters went in search of deceased with a view of making him return the property. After searching a while he met him and the trouble followed in which deceased lost his life. Defendant makes out a case of self-defense from his view of the case. The State's case, however, was not in conformity with the views of defendant's testimony. A witness testified that he was something like a block and half distant from where the killing occurred, approaching in the direction of where the shooting took place, and he saw defendant shoot several times at deceased. He puts the appellant as the aggressor, and his testimony indicates that deceased was rather avoiding the difficulty and was approaching a telephone pole at the time that he was being shot at by appellant. The idea intended to be conveyed, we suppose by this testimony, was that deceased was seeking refuge behind this pole from the bullets of appellant's weapon. Appellant's theory was to the effect that he was attacked when he approached deceased with reference to the property taken from his mother's house with a knife, and he shot in self-defense. Taking the State's theory about it, there is ground for State's counsel's argument to the effect that the jury would be justified from these facts in convicting appellant, and that he was not a man of irreproachable character. Sometimes the facts are of such a character that argument may be based upon them showing the disposition and character of the parties from the acts themselves attending the difficulty. One of the cases in point is House v. State, 19 Texas Crim. App., 227. The writer is of the opinion that the House case is rather on the outer verge of the law, yet it has been followed by quite a number of cases. Taking the matter as presented, we are of opinion that the error, if error under all the circumstances stated, is not of sufficient importance to require a reversal of the judgment.

We, therefore, are of opinion that the judgment should be affirmed, and it is accordingly so ordered.

                                                   *Affirmed.*